*1231 HARTZ, Circuit Judge,
concurring:
I join Judge Murphy’s opinion. I write separately to note a peculiar result of our disposition and to suggest what appears to me to be a superior way for district courts to handle advancement requests in the future. To assure that both parties to an advancement dispute can obtain timely appellate resolution of the merits, district courts should consider entering orders under Fed.R.Civ.P. 54(b) when necessary for decisions on retrospective relief to be final and appealable.
The peculiar result in this appeal is that Westar’s victory with respect to retrospective relief (we are setting aside the order to pay a portion of attorney fees already incurred by Lake) is probably an empty one. The victory scarcely improves its situation. Under threat of contempt, Wes-tar has already paid what was ordered,[1] and I see no clear avenue for Westar to reclaim that money.
Ordinarily, when a judgment is reversed, the prevailing party has a claim for unjust enrichment to recover what it transferred to the opposing party under that judgment. See Restatement (Third) of Restitution and Unjust Enrichment § 18 (Tentative Draft No. 1, 2001) (Tentative Restatement)[2]. The trial or appellate court may order the recovery. See id. at cmt. b. But the ground for the reversal can affect whether recovery is proper or likely. The ground for reversal may be a procedural matter that has nothing to do with whether the party that prevailed on appeal owes a lawful debt to the opposing party. If the party that prevailed on appeal actually owes the money set forth in the (reversed) judgment, then one could hardly say that the opposing party had been “unjustly enriched” by payment of the judgment amount. As stated in the Tentative Restatement, “An invalid or erroneous judgment that gives effect to a valid and enforceable liability does not create unjust enrichment; the transfer finds a sufficient legal basis in the underlying liability, notwithstanding the defective judgment.” Id. cmt. e.
We may well have that situation here. Our reversal of the preliminary injunction is on the ground that Lake failed to show that payment was necessary to prevent irreparable injury. Our ruling says nothing about whether Westar had a legal obligation to advance to Lake a portion of the attorney fees he has already paid. Westar can recover in restitution what it paid Lake (as ordered by the district court) only if some future proceeding determines that Westar in fact did not owe Lake an advance of that money. (I am not addressing here what Westar could recover if, at the end of Lake’s various trials, it is apparent that he is not entitled to indemnification and must refund all the advances he received, as required by the contractual conditions of the advancement.) It would seem unlikely that the district court in this case would determine that Westar has made such a showing. After all, it has already ruled to the contrary and we have *1232 said nothing that would undermine its confidence in that prior ruling. Perhaps Wes-tar could bring a restitution action in some other court; but the reality is that after any necessary removal or transfer of the case, the action would end up before the same judge as in this case; and even if it came before another judge, that judge is likely -to show deference to the ruling by the judge in this case, who is the one most familiar with the performance of Lake’s attorneys.
This peculiarity in the present case— that Westar prevails on appeal but, as a practical matter, is no better off — results from the presence in the district-court case of causes of action in addition to Lake’s claim for the advancement of attorney fees that have already been incurred. These other causes of action have not been resolved, so the district court has yet to enter a final judgment. The situation would be different if Lake’s claim for advancement of already incurred fees were the only claim before the district court. In that event, the district court’s decision that Westar should have advanced $X to Lake would be (once put in proper form) a final, appealable judgment.[3] Thus, once the district court ruled on advancement, Westar could appeal this final decision on the merits to our court. If Westar had paid on a judgment that advancement was due from it to Lake, reversal by this court would entitle it to restitution from Lake of what it had overpaid.
This would be the case even if the district court, in addition to entering judgment that advancement was due, also entered an order compelling Westar to pay Lake immediately. Before getting to that issue, though, I should explain why such an order might be entered. An order to pay a money judgment forthwith is not something we see every day. But it could make sense in the advancement context. After all, if Lake had only a money judgment, Westar would have the right to stay execution on the judgment by filing a su-persedeas bond. See Fed.R.Civ.P. 62(d); Am. Mfrs. Mut. Ins. Co. v. Am. Broadcasting-Paramount Theatres, Inc., 87 S.Ct. 1, 17 L.Ed.2d 37 (1966) (Mem. Op. of Harlan, J.) (stay of money judgment is matter of right if supersedeas bond is posted); 12 James Wm. Moore et al., Moore’s Federal Practice § 62.03[1] (3d ed.2008) (same); 11 Charles A. Wright, et al., Federal Practice and Procedure § 2905 at 520 (2d ed.1995) (same). Such a bond is usually adequate to protect the interests of the judgment creditor. In the advancement context, however, a stay could render the judgment useless even if the corporation posted a bond requiring payment to the officer if the corporation lost the appeal. The purpose of advancement is to enable corporate officers to obtain capable counsel to defend civil and criminal claims against them; counsel may be willing to represent an officer only if payment of fees is prompt and unconditional, and advancement can ensure such payment. Staying a judgment for advancement would defeat this purpose. Indeed, by the time the appeal is resolved, the advancement issue could be mooted by conclusion of the litigation for which the officer needed the advance. An officer who lost the litigation would likely be required to repay all advancements. In that event, even if the officer prevailed on *1233 the advancement appeal, there would be no benefit from an appeal bond: any payment to the officer from the bond would be deemed an advancement, and any advancement would need to be repaid to the corporation. As a result, the officer’s attorney would not be paid. The attorney would, in essence, have been working on a contingent-fee basis (getting paid only if the client succeeded in the litigation), thereby defeating the purpose of having a right to advancement rather than only a right to indemnity. Thus, an injunction ordering immediate payment could be appropriate in an advancement case. Although the district court or this court might exercise its discretion to stay the order upon filing a bond, the corporation would not have an unqualified right to post a bond to avoid immediate payment. See Fed.R.Civ.P. 62(c).
Returning to the principal point, entry of an order requiring immediate payment of a final judgment that advancement is due would not impair the corporation’s ability to obtain an appellate ruling on the merits. Even though the order requiring payment might be disposed of on appeal on a nonmerits ground (such as failure to show irreparable injury), we would still need to review the judgment on the advancement claim. If we held that advancement was not required, the corporation could obtain restitution, subject, of course, to ordinary defenses, see Tentative Restatement § 18. To me, this is a good result. The corporation would have the ability to protect its rights without delaying an advancement to the officer that the district court ruled to be necessary.
This same result can be obtained even if the case before the district court, as here, includes claims other than advancement for previously incurred attorney fees. All that is necessary is for the district court, upon deciding the advancement issue, to enter a final judgment on that issue under Fed.R.Civ.P. 54(b). Such a final judgment is proper despite the presence of unresolved claims if the district court “determines that there is no just reason for delay.” Id. I would think that such a determination would ordinarily be proper for an advancement claim. Not only would use of Rule 54(b) help the corporation that wishes to challenge an advancement ruling, it could also be critical to a corporate officer if the ruling is to deny an advancement.
This case presents challenging procedural issues. I can hardly fault the district court for how it proceeded in a case of first impression in this circuit. In the future, however, I would urge district courts to consider using Rule 54(b) to create final judgments when advancement claims for previously incurred attorney fees are joined with other matters.

. When Westar did not promptly pay as ordered, Lake moved in district court for an order to show cause why Westar was not in contempt. Westar then moved in this court for a stay of the order to pay, offering to post a bond or other adequate security required by the court. We denied the stay on the ground that Westar had not shown all the factors required by 10th Cir. R. 8.1. See Order, Oct. 16, 2007.

. The American Law Institute’s Restitution project has not been completed, so language in the Tentative Draft may be revised. But Tentative Draft No. 1 was presented at the 2001 membership meeting and approved subject to “the usual editorial prerogative” of the Institute’s Council and the discussion at the annual meeting. 78th Ann. Meeting, A.L.I. Proc., May 15, 2001, at 212. There were no comments by the members regarding § 18. See id. at 207.

. Perhaps it may seem that the decision on advancement would be only interlocutory because Westar may be able to recover any advancements at the conclusion of Lake’s litigation when Lake’s claim for indemnity is resolved. But Lake’s advancement claim is a distinct cause of action, not an interlocutory matter in an action for indemnity. Advancement and indemnity are separate contractual rights owed to Lake; the duty to advance funds is not dependent on any showing of likelihood that indemnity will later be required.